

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23cr887-AJB |
|---|---|
| Plaintiff, | PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| ZIFENG WU, | |
| Defendant | |

Pursuant to the motion of the United States, Federal Rule of Criminal Procedure 16(d), and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514"), it is hereby ORDERED as follows:

1. Any discoverable documents that were filed under seal are unsealed for the limited purpose of allowing the United States to provide them to the defendant, defense counsel, paralegals, legal assistants, investigators, interpreters and others employed to assist the defense counsel in this case ("the defense") in discovery.

2. All discovery produced by the United States in this case is for use by the defense solely for investigating, preparing

for trial, trial, and any appeals of this matter and may not be used for any other purpose.

3. The defense may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense, except as further set forth herein. The defense may review the discovery relating to undercover agents and confidential informants and contacts with such persons (hereinafter "sensitive discovery") with the defendant only in the presence of a member of the defense, and may not provide a copy of sensitive discovery, or leave a copy of sensitive discovery with the defendant.

4. Each counsel of record shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of the defense team is advised of the Order and agrees in writing to be bound by its terms, prior to any review by each of the discovery materials.

5. The defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

6. The defense may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

7. The defense may show witnesses discovery materials (excluding sensitive discovery) as necessary for the

preparation of the defense, but may not give copies or the materials to witnesses absent further Order of the Court.

8. The defense shall return any and all copies of the discovery to the United States within 30 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

9. To the extent that any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, the defense shall redact any filings referencing or containing said materials in a manner consistent with General Order 514.

10. To the extent that any criminal discovery materials were filed with the court under seal, the defense shall file a motion to unseal the documents with notice to the United States before any pleadings or exhibits referencing or containing said materials may be publically filed.

11. If defense counsel withdraws or is disqualified from participation in this case, the defense shall return any discovery produced pursuant to the Order to the United States within 10 days.

IT IS SO ORDERED.

DATED: 5/25/23

HONORABLE ANTHONY J. BATTAGLIA
United States District Judge

ACKNOWLEDGEMENT

I have reviewed the foregoing protective order and I agree to be bound by its terms.

DATED: 5/22/23        SIGNED: s/ Ryan W. Stitt